# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOSE RENE AMAYA HERNANDEZ, | ) | |
| | ) | **ORDER** |
| Petitioner, pro se, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:10CV137 |
| | ) | 1:08CR95-1 |
| Respondent. | ) | |

Petitioner Jose Rene Amaya Hernandez, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 54).[1] Petitioner was indicted on, and later pled guilty to, a single count of conspiracy to distribute cocaine hydrochloride (docket nos. 1, 35, 37). He was sentenced to 188-months imprisonment (docket no. 48). Petitioner did not file a direct appeal, but instead filed his current motion under Section 2255. Respondent has filed a response (docket no. 61)[2], Petitioner has filed a reply (docket no. 64), and his motion is now before the court for a decision.

## PETITIONER'S CLAIMS

Petitioner raises four claims for relief in his motion. The first alleges that he was provided with ineffective assistance of counsel because his attorney did not

---

[1]This and all further cites to the record are to the criminal case.

[2]Respondent also has a motion pending to extend its time to file the response (docket no. 58). That motion is granted and the response is deemed timely.

require the government to put on evidence of Petitioner's guilt when Petitioner claimed to be only a passenger in a vehicle associated with transporting drugs and when his attorney failed to find out the statutory minimum and maximum sentences that Petitioner faced. His second claim states that counsel deceived him by convincing him that he would receive a sentence of less than seven years. He adds that counsel failed to see that his sentence was properly calculated in that he did not ensure that Petitioner received a three-point reduction in his Guidelines sentencing range for acceptance of responsibility, did not have him debriefed for a safety valve reduction, and did not object to a firearm possession enhancement. Petitioner's third claim for relief repeats the allegation about the firearm enhancement and elaborates by saying that he never possessed firearms and never admitted to possessing them. Finally, Petitioner claims that counsel was ineffective for failing to have the court make a "complete record" concerning the basis for Petitioner's sentencing level.

## DISCUSSION

All of Petitioner's claims involve allegations of ineffective assistance of counsel; thus he must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that

the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985). The court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

Petitioner's first claim of ineffective assistance of counsel is actually several claims, all of which relate to his guilty plea. Overall, he appears to be arguing that his plea was involuntary because his attorney did not force the government to supply a sufficient factual basis or to see that he was advised about the statutory maximum and minimum sentences, the elements of the crime, or the amount of drugs for which he would be held accountable.

Petitioner's assertions are contradicted by the clear record before the court. The government did supply a factual basis which showed that Petitioner was part of a conspiracy to distribute cocaine. That factual basis shows that Petitioner was

-3-

riding with another man while traveling in a vehicle that was following a second vehicle containing nearly 18 kilograms of cocaine. All three men in the two vehicles were arrested following a traffic stop. Subsequent searches of two residences uncovered kilogram sized cocaine wrappers, money counters, scales, over $265,000 in cash, and several firearms. A man arrested at one of the residences told officers that Petitioner used the residence to store drugs and that the firearms belonged to Petitioner (docket no. 35). Petitioner stated during his change of plea hearing that he had read the factual basis and understood it. His attorney objected to the statement by the co-defendant, but agreed that the statement had been made. He added that Petitioner wanted to make clear that he was only a passenger in one of the vehicles. Otherwise, he did not object to the factual basis (docket no. 59 at 24-25). Petitioner's claim that his attorney should have required the government to put on further proof is baseless. The factual basis document, along with Petitioner's guilty plea, was more than sufficient to support the conviction.

As for the penalties, the elements of the crime, and the amount of drugs, Petitioner was also advised of all of these things. He was advised of the minimum and maximum statutory sentences in the plea agreement and of the elements and penalties by the judge presiding over his guilty plea (docket no. 37, ¶ 2(a); docket no. 59 at 12-13, 17). He well knew that he faced between ten years and life in prison. He was also told during the plea colloquy that his actual sentence would be calculated under the United States Sentencing Guidelines and that no one could tell

him what it would be (docket no. 59 at 19-20). Finally, the amount of actual drugs, 18 kilograms, was listed in the indictment and factual basis. Petitioner was eventually held responsible in the Presentence Report (PSR) for the 18 kilograms of cocaine that was seized at the time of his arrest, plus the cocaine equivalent of $509,327 that was seized as a part of the investigation. This produced a total drug quantity of 43.33 kilograms (PSR ¶ 18). Although this was far more than the 18 kilograms listed in the factual basis and indictment, the increase did not affect Petitioner's sentence because his base offense level was calculated on an amount between 15 and 50 kilograms (PSR ¶ 21). In no way was Petitioner's guilty plea involuntary or made without full knowledge of the elements of the crime, the penalties he faced, and, at least to the extent it was relevant, the amount of drugs involved. Also, because his attorney did not fail him in any way on these points, his first claim for relief should be denied.

Petitioner's next claim initially states that his attorney advised him that he faced a sentence of less than seven years. Assuming purely for the sake of deciding this motion that the allegation is true, Petitioner cannot show prejudice. As just stated, Petitioner was plainly told in his plea agreement and during his guilty plea of the applicable statutory minimum and maximum sentences. The minimum sentence that Petitioner faced was ten years of imprisonment and he knew this.

Petitioner's second claim also involves other allegations. He faults his attorney for not seeing that his Guidelines sentencing level was reduced by three

points for acceptance of responsibility.  This is simply incorrect.  Petitioner did receive three points of credit for acceptance of responsibility (PSR ¶ 28).  Similarly, he claims that his attorney improperly failed to have him debriefed for purposes of receiving a safety valve reduction.  It is no surprise that no debriefing occurred.  As Petitioner was told at the time of his guilty plea, he was not eligible for a safety valve reduction (docket no. 59 at 17).  His attorney did not err in not having him debriefed, and, in any event, he could not have been prejudiced because he was not eligible.  Finally, Petitioner claims that his attorney should have objected to the fact that his sentencing level was increased by two levels because of his possession of a firearm.  Petitioner does not explain what counsel should have used to launch a successful objection.  Moreover, counsel did file an objection to the firearm increase and to an increase based on Petitioner's leadership role in the conspiracy (docket no. 41); however, he withdrew the objections at sentencing.  The sentencing judge specifically asked Petitioner if he was in agreement with the decision to withdraw the objections, and Petitioner indicated that he was (docket no. 60 at 2-3).  He cannot now simply change his mind and claim that counsel erred.  He also cannot show prejudice because he has not set out a way for counsel to have successfully challenged the enhancements.  His second claim for relief should be denied.

    Petitioner's third claim for relief is nothing more than a restatement of his claim that his attorney failed him by not pursuing the objection to the firearm enhancement. This claim fails for the reasons already discussed.

Finally, Petitioner's fourth claim for relief alleges that his attorney provided ineffective assistance by failing to see that the sentencing judge made adequate findings to support the sentencing enhancements. As with many of his claims, this is incorrect. The sentencing judge adopted the factual findings in the PSR (docket no. 60 at 3). These are more than adequate to support the sentencing enhancements that were applied in Petitioner's case. His attorney did not fail to act properly and Petitioner was not prejudiced. This claim should also be denied.

**IT IS THEREFORE ORDERED** that Respondent's motion to extend the time to file a response (docket no. 58) is **GRANTED**.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 54) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
July 20, 2010